IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Jacob Lee Martinez, | ) | |
|     Plaintiff | ) | Civil Action |
| | ) | File No. 4:20-cv- |
| v. | ) | |
| | ) | |
| HS Business, Inc.; Richey Business Services, Inc.; and, Asim Hafeiz, | ) | Jury Demanded |
| | ) | |
|     Defendants. | ) | |
| | ) | |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW PLAINTIFF, Jacob Lee Martinez ("Mr. Martinez" or "Plaintiff"), and complains of Defendants HS Business, Inc., Richey Business Services, Inc. and Asim Hafeiz (collectively, the "Defendants"), and for cause of action would respectfully show the Honorable Court as follows:

### I.
### INTRODUCTION AND SUMMARY OF SUIT

1. Mr. Martinez files this civil action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). He seeks to recover unpaid overtime wages from the Defendants.

2. Defendants own, operate and control several gasoline stations and convenience stores around the Houston Metropolitan area, including the Texaco and Chevron gas stations and convenience stores where Mr. Martinez worked.

3. Mr. Martinez routinely worked in excess of 40 hours a week, yet he did not receive overtime wages as the FLSA requires. *See* 29 U.S.C. § 207(a).

4. This action seeks equitable relief, compensatory and liquidated damages, attorney's fees, all costs of the action, and post-judgment interest for Defendants' willful failure to pay overtime wages to Mr. Martinez.

## II.
### SUBJECT MATTER JURISDICTION AND VENUE

5. Plaintiff files this suit pursuant to the FLSA, a federal statute. 28 U.S.C. §1331.

6. Venue is proper in the Southern District of Texas under 28 U.S.C. § 1441(a).

## III.
### PARTIES AND PERSONAL JURISDICTION

7. Plaintiff, **Jacob Lee Martinez**, is a resident of Harris County, Texas. Mr. Martinez was an employee engaged in commerce while he worked at Defendant's gasoline stations and convenience stores as a clerk.

8. Defendant, **HS Business, Inc.,** is a corporation that may be served with summons and complaint by serving its duly appointed registered agent, Mr. Asim Hafeiz, at his residence at 13290 Stonecrest Lane, Conroe, Texas 77302-4730, or at any other address where he may be found. This Defendant is engaged in business in the State of Texas by its ownership and operation of one or more gasoline stations / convenience stores, including the Chevron branded gasoline station and convenience store doing business as "HS Chevon", located at 7017 FM 1960, Humble, Texas 77338 (the "HS Chevron").

9. Defendant, **Richey Business Services, Inc.,** is a corporation that may be served with summons and complaint by serving its duly appointed registered agent, Mr. Asim Hafeiz, at his residence at 13290 Stonecrest Lane, Conroe, Texas 77302-4730, or at any other address where he may be found. This Defendant is engaged in business in the State of Texas by its ownership and operation of one or more gasoline stations / convenience stores, including the Texaco branded gasoline station and convenience store doing business as "Richey Road Food Mart", located at 611 E. Richey Road, Houston, Texas 77073 (the "Richey Road Food Mart").

10. Defendant, **Asim Hafeiz,** is an individual who may be served with summons and complaint at his residence at 13290 Stonecrest Lane, Conroe, Texas 77302-4730, or at any other

address where he may be found. This Defendant has acted, directly or indirectly, in the interest of an employer with respect to the Plaintiff. Further, this Defendant resides, and is engaged in business, in the State of Texas.

11. Whenever this complaint alleges that Defendants committed any act or omission, it is meant that such act or omission was not only committed individually or jointly by the Defendants, but also by Defendants' officers, directors, vice-principals, agents, servants, or employees, and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendants or was done in the routine normal course and scope of employment of Defendants' officers, directors, vice-principals, agents, servants, or employees.

## IV.
## FLSA COVERAGE

12. For purposes of this civil action, the "relevant period" is the time-period commencing on the date that is three years prior to the filing of this action, and continuing thereafter until time of trial and judgment.

13. During the relevant period, each Defendant was an "employer". 29 U.S.C. § 203(d).

14. During the relevant period, Mr. Martinez was an "employee". 29 U.S.C. § 203(e).

15. During the relevant period, Defendants collectively were an "enterprise". 29 U.S.C. § 203(r); 29 U.S.C. § 203(s)(1)(A).

16. Further, Defendant Asim Hafeiz and the gas stations and convenience stores he owns, operates and controls are an integrated enterprise, in that "[s]uperficially distinct entities may be exposed to liability upon a finding that they represent a single, integrated enterprise: a single employer". *Trevino v. Celanese Corp.*, 701 F.2d 397, 404 (5th Cir. 1983).

17. During the relevant period, Defendants were an enterprise engaged in commerce or in the production of goods for commerce because they had employees who were engaged in

commerce. 29 U.S.C. § 203(s)(1).

18. Furthermore, Defendants have had, and continue to have, annual gross business volume in excess of the statutory standard.

19. During the relevant period, Plaintiff was an individual employee engaged in commerce. 29 U.S.C. § 207.

## V.
### FACTS

20. Defendant Asim Hafeiz owns, operates and controls several gasoline stations and convenience stores in the Houston Metropolitan Area.

21. Of these businesses, Mr. Martinez worked at the HS Chevron and the Richey Road Food Mart, collectively referred to hereinafter as the "Gas Stations".

22. Defendants employed Mr. Martinez as a store clerk at the Gas Stations from February 1, 2018 until July 31, 2018.

23. During his employment, Mr. Martinez worked overtime hours on a weekly basis.

24. At the time Mr. Martinez was hired, Defendants informed him that he would receive $12.00 per hour in cash, and that he would not receive any overtime pay for hours worked in excess of 40 in a workweek.

25. Mr. Martinez in fact received no overtime pay for the overtime hours he worked on a weekly basis, and he now sues for these unpaid wages.

26. Mr. Martinez' primary duty as a clerk was maintenance and upkeep of the Gas Stations, including stocking store shelves with inventory, and cleaning the inside of the stores, the parking lots, the gasoline pumps and the trash cans. At times, Mr. Martinez also assisted customers with their purchases.

27. Defendant Hafeiz controlled Mr. Martinez' terms and conditions of employment, including decisions relating to payment of some but not all wages due (i.e., non-payment of

overtime wages), Mr. Martinez' hourly pay rate, and the number of hours Mr. Martinez' worked during each workweek.

28. The Defendants collectively owned, controlled and operated the Gas Stations, and Defendant Hafeiz possessed the sole authority to make all decisions pertaining to the operation of these businesses.

## VI.
### CAUSE OF ACTION AND DAMAGES SOUGHT

<u>Violation of the FLSA – Failure to pay overtime wages to Plaintiff</u>

29. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

30. Defendants violated the FLSA by failing to pay Plaintiff time-and-a-half rate for hours worked in excess of forty (40) per workweek. 29 U.S.C. § 207.

31. During the relevant period, Mr. Martinez was a non-exempt employee – that is, he was entitled to receive overtime wages under the FLSA for all hours he worked in excess of 40 during each seven-day workweek.

32. During his employment with the Defendants, Mr. Martinez worked overtime hours on a weekly basis at the request of their employer.

33. Mr. Martinez was informed that he would receive no overtime despite being required to work overtime hours on a weekly basis.

34. Mr. Martinez received no overtime wages resulting from Defendants' policy of paying straight-time for overtime hours worked at the Gas Stations.

35. Defendants' repeated and consistent failure to pay overtime wages to Mr. Martinez on a weekly basis amounts to a willful pattern and practice of illegal conduct under the FLSA.

36. As such, Mr. Martinez now sues for all unpaid overtime wages falling within the three-year period preceding the filing of this civil action, and continuing thereafter until July 31,

2018, the last day of his employment with the Defendants.

37. Mr. Martinez also seeks an award of liquidated damages in an amount equal to his unpaid overtime wages.

38. Further, pursuant to the FLSA, Mr. Martinez seeks attorney's fees and costs incurred. In part, 29 U.S.C. §216(b) states that "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

39. Mr. Martinez seeks post-judgment interest at the highest rate allowed by law, assessed upon all damages, including attorney's fees and costs.

## VII.
### JURY DEMAND

40. Mr. Martinez demands a jury trial.

## VIII.
### PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff Jacob Lee Martinez respectfully requests that upon final hearing the Honorable Court grant relief by entering Final Judgment, jointly and severally, against Defendants HS Business, Inc., Richey Business Services, Inc. and Asim Hafeiz, as follows:

    a.    Declare the Defendants violated 29 U.S.C. § 207 by failing to pay Plaintiff's overtime wages;

    b.    Declare the Defendants' violations of the FLSA are willful;

    c.    Order Defendants to pay Mr. Martinez' unpaid overtime wages;

    d.    Order Defendants to pay liquidated damages in an amount equal to Mr. Martinez' unpaid overtime wages;

    e.    Order Defendants to pay reasonable attorney's fees and all costs of litigation; and,

    f.    Order Defendants to pay post-judgment interest accessed at the highest lawful rate on all amounts, including attorney fees and litigation costs.

Respectfully submitted,

**ALI S. AHMED, P.C.**

By: */s/ Salar Ali Ahmed*
**Salar Ali Ahmed**
Federal Id. No. 32323
State Bar No. 24000342
430 W. Bell Street
Houston, Texas 77019
Telephone: (713) 898-0982
Facsimile: (713) 255-0013
Email: aahmedlaw@gmail.com

**Attorney for Plaintiff
Jacob Lee Martinez**